IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TARSHA L. BUNCH and RICKY BUNCH, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) NO. 1:09-CV-071 ) |
| WAL-MART, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the "Motion in Opposition to Defendant Wal-Mart's Petition for Removal," which this Court has construed as a motion for remand pursuant to 28 U.S.C. section 1447(c), filed by Plaintiffs, Tarsha L. Bunch and Ricky Bunch, on March 27, 2009 [DE #7]. For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

On March 2, 2009, Plaintiffs, Tarsha L. Bunch and Ricky Bunch, filed a complaint against Defendant, Wal-Mart, in the Allen Superior Court of the State of Indiana, Cause No. 02D01-0903-CT-93. The complaint arises from a slip and fall accident. Plaintiffs allege that while walking in a Wal-Mart located in Fort Wayne, Indiana, Tarsha Bunch slipped and fell due to trim unraveling from

a carpet in the entry/exit of the store.  (Compl. ¶ 4.)  Tarsha alleges "personal injuries, some of which are permanent," "physical pain and mental suffering," future pain and suffering, medical expenses already incurred, and future medical expenses.  (Compl. ¶¶ 10-12.)  Although the prayer for relief does not assert an exact amount of damages allegedly sustained, Bunch prays for compensatory damages, prejudgment interest, costs of the action, and all other just and proper relief.  (*Id.* ¶ 12.)  Ricky Bunch has a loss of services and loss of consortium claim.  (*Id.* ¶ 15.)

Wal-Mart removed this action to federal Court on the basis of diversity of citizenship jurisdiction on March 20, 2009, asserting that the amount in controversy exceeded $75,000. Plaintiffs have conceded that the parties are diverse - the Bunches are residents of Indiana and Wal-Mart is a Delaware Corporation with its principal place of business located in Arkansas.  However, in the instant Motion in Opposition to Defendant Wal-Mart's Petition for Removal, which this Court construes as a motion for remand under 28 U.S.C. section 1447(c), Plaintiffs argue that removal is improper because the amount in controversy does not exceed $50,000.  In support of this argument, Plaintiffs point to a formal demand made upon Wal-Mart on March 23, 2009, to settle the case for $50,000.

DISCUSSION

Defendant has the burden of showing that this case was

removable. *Wellness Cmty-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995); *Hernandez v. Schering Corp.*, No. 05 C 0870, 2005 U.S. Dist. LEXIS 9570, at *2 (N.D. Ill. May 5, 2005); *Height v. Sw. Airlines, Inc.*, No. 02 C 2854, 2002 U.S. Dist. LEXIS 13880, at *8 (N.D. Ill. July 23, 2002); *Fate v. Buckeye State Mut. Ins. Co.*, 174 F.Supp.2d 876, 878 (N.D. Ind. 2001); *Roberson v. Orkin Exterminating Co., Inc.*, 770 F. Supp. 1324, 1328 (N.D. Ind. 1991). A defect in the removal procedure results in a case being remanded back to the state court. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993).

The federal courts have limited jurisdiction. *Wellness*, 70 F.3d at 50. A federal court has diversity jurisdiction where the amount in controversy exceeds $75,000 and the parties to the suit are citizens of different states. 28 U.S.C. § 1332(a). A defendant may remove a case that is properly filed in state court if that case could have originally been brought in federal court. 28 U.S.C. § 1441(a); *Shaw*, 994 F.2d at 366.

As noted above, there is no dispute that the parties in this case are diverse. The only issue is whether the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. The complaint in this case does not specify any amount of damages in monetary terms. This comports with Indiana Trial Rule 8(A)(2) which provides that "in any complaint seeking damages for personal injury . . . no dollar amount or

3

figure shall be included in the demand." IND. Rule 8(A)(2).

A defendant who removes a suit in which the complaint lacks a definite recovery demand must put forth a "good-faith estimate of the stakes [which] is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)). The Seventh Circuit recently clarified the proper standard to be applied when the amount in controversy requirement is contested. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006). Wal-Mart is not required to establish that the amount in controversy would be exceeded with a reasonable probability. *Id.* (retracting the earlier followed language that a defendant must show a "reasonable probability that jurisdiction exists"). Rather, first, "a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." *Id.* at 543. Once those facts have been established, "uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Id.* "Only if it is 'legally certain' that the recovery . . . will be less than the jurisdictional floor may the case be dismissed." *Id.*

Wal-Mart has proven the first part of the test by putting

4

forth a good-faith estimate that the amount in controversy exceeds $75,000. Tarsha claims to have suffered injury, some of which is permanent, physical pain and mental suffering (which she alleges will continue in the future), and medical expenses and treatment (which she also alleges will continue in the future). It is facially apparent from the complaint that the controversy exceeds $75,000.

This case is similar to *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000), in which plaintiff slipped and fell in a Wal-Mart store and alleged that she sustained injuries to her wrist, knee, patella, and upper and lower back. She alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, lost wages and earning capacity, and permanent disability and disfigurement. *Id.* at 881. Defendant removed the action to district court. In its motion to remand, the plaintiff argued that due to continuing medical treatment, she could not determine her damages; however, after conducting discovery, she believed the amount of claimed damages would be less than $75,000. The district Court denied the motion to remand, and the Seventh Circuit affirmed. First, the Court found that because of the alleged injuries, it was "facially apparent" from Plaintiff's original petition that the claimed damages exceeded $75,000. *Id.* at 883. Second, the Court concentrated on the facts at the time of the removal because:

> if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.

*Id.* at 883 (citations omitted). As in *Gebbia*, Tarsha's allegations of permanent injury, medical expenses, pain and suffering, and future medical expenses and pain and suffering make it facially apparent that the amount in controversy exceeds $75,000. Certainly, it does not appear to a legal certainty that the claim is really for less than $75,000. *See Oshana*, 472 F.3d at 511.

Plaintiffs urge in their current motion to remand that the amount in controversy is no greater than $50,000, and that this is supported by a letter sent by Plaintiffs to Wal-Mart on March 23, 2009 (after removal), demanding the sum of $50,000 to settle the claim. Jurisdiction depends upon the amount that was in controversy at the time of removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *see also Oshana*, 472 F.3d at 510-11 (observing that the amount in controversy is the amount required to satisfy plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed). A post-removal amendment to a complaint, or a post-removal affidavit or stipulation does not authorize a remand. *See In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).

Plaintiffs cite to *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006), for the proposition that a

settlement demand can "show the stakes, a question independent of the claims merit." However, *Rising-Moore* is ultimately detrimental to Plaintiffs' argument. In that case, the plaintiff said he would settle for $160,000, but then dropped the demand to $60,000 to settle post-remand. The Seventh Circuit ruled that the settlement offer was nothing more than plaintiff's assessment of what he would be willing to settle for, and had no bearing upon whether the jurisdictional prerequisite of $75,000 had been satisfied:

> To the extent that any event after the date of removal can shed light on the jurisdictional question, the willingness to accept $60,000 supports a conclusion that the 'controversy' exceeds $75,000. Rising-Moore did not offer to take $60,000 if a jury should decide in his favor and nothing otherwise; he wanted $60,000 *with certainty*, which implies that the stakes at trial comfortably exceed the minimum. Plaintiffs win about half of all tort suits that go to trial. If Rising-Moore had a 50% likelihood of a $120,000 verdict at trial, he would offer to accept $60,000 with certainty, which has the same expected value; both sides then could save legal expenses. If he is risk adverse, he would be willing to accept less than half of the anticipated award: then an offer to take $60,000 might imply that the stakes were $150,000. If his lawyer had private knowledge suggesting that the chance of prevailing was less than 50%, then the anticipated verdict implied by the offer (if a jury found in plaintiff's favor) would be even higher. So, for example, a risk-adverse plaintiff who thought he had a one-in-three chance of winning $200,000 at trial would take a sure $60,000 happily. Only if Rising-Moore were risk-neutral and had more than an 80% chance of winning a favorable verdict would the $60,000 imply that the full controversy is under $75,000.

*Rising-Moore*, 435 F.3d at 816-17 (citations omitted) (emphasis in original). As in *Rising-Moore*, the post-removal offer to settle is not dispositive of the amount in controversy at the time of

7

removal, and does not divest this Court of jurisdiction.

Plaintiffs have not challenged Wal-Mart's factual or jurisdiction assertions, and they have not provided any contrary information (aside from the settlement demand) relating to the value of the Bunches' claims. Although Plaintiffs claim that the medical bills/special damages in this case total $15,847.84 (Mot. in Opp. To Def. Wal-Mart's Pet. For Removal, p. 7; Ex. B thereto), there is no legal certainty that Plaintiffs' claim is really for less than $75,000, especially since Tarsha has alleged that her pain and suffering will continue in the future, and she will continue to incur medical expenses for medical treatment in the future (Compl. ¶¶ 11, 12). *See, e.g., Shadday v. Rodriguez Mahuad*, No. 4:06-CV-88, 2006 WL 2228958, at *4 (S.D. Ind. Aug. 2, 2006) ("[plaintiff] has not asserted, or provided facts in support, that it would be impossible to collect greater than $75,000 from [defendant]."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 703 (9th Cir. 2007) (citation omitted) ("[W]hen the facts supporting jurisdiction (*i.e.*, that a claim is worth more than $75,000) are established as more likely than not, federal jurisdiction is proper unless the 'opponent' of federal jurisdiction can show to a legal certainty that jurisdiction is not proper.").

In this case, Plaintiffs have not shown, to a legal certainty, that the Bunches could not recover an amount in excess of $75,000 based on the circumstances at the time of removal. The Court notes

that if Plaintiffs wanted to ensure remaining in state court, they could have filed with the complaint an affidavit or stipulation that they were not seeking damages in excess of $75,000.

CONCLUSION

For the reasons set forth above, the "Motion in Opposition to Defendant Wal-Mart's Petition for Removal," which this Court has construed as a motion for remand pursuant to 28 U.S.C. section 1447(c), filed by Plaintiffs, Tarsha L. Bunch and Ricky Bunch, on March 27, 2009, is **DENIED**.

**DATED: April 20, 2009**               /s/RUDY LOZANO, Judge
                                        **United States District Court**