UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TARSHA L. BUNCH and RICKY BUNCH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 1:09-CV-71 |
| ) | |
| WAL-MART, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Wal-Mart's motion to remove misjoined Defendant, Wal-Mart, and instead substitute Wal-Mart Stores East, LP as a Defendant to this lawsuit, filed on June 2, 2009. (Docket # 18.) For the following reasons, the motion will be DENIED at this time, but Wal-Mart will be given an opportunity to file an amended motion.

The present motion seeks a court order that would drop the present corporate defendant under Federal Rule of Civil Procedure 21 in favor of an entirely different legal entity that is apparently an indispensable party under Federal Rule of Civil Procedure 19. (Def.'s Mot. ¶ 1.) The problem with simply granting the relief sought is that we still do not know, on this record, if this potentially new party will, in the words of Rule 19(a)(1), "deprive the court of subject matter jurisdiction . . . [.]"

Defendant removed this case from the Allen County, Indiana, Superior Court on March 20, 2009, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) Wal-Mart alleged that "the plaintiff is a resident and citizen of the State of Indiana and the defendant, Wal-Mart, is a corporation incorporated in the State of Delaware and its principal place of

business is located in the State of Arkansas."[1] (Notice of Removal ¶ 2.)

In explaining why Wal-Mart Stores East, LP, should be substituted as Defendant, Defendant states, "There is no legal business entity officially doing business as 'Wal-Mart'. Rather, Wal-Mart Stores East, LP, is a Delaware Limited Partnership, and the entity which operates the Maysville Road, Fort Wayne, Indiana Wal-Mart store." (Def.'s Mot. ¶ 2.) As to Wal-Mart Stores East, LP's citizenship, "a limited partnership has the citizenships of each partner, general and limited." *Guar. Nat'l Title Co.,* 101 F.3d at 59 ("There is no such thing as 'a [state name] limited partnership' for purposes of the diversity jurisdiction. There are only partners, each of which has one or more citizenships."); *see also Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003). Thus, a court "need[s] to know the name and citizenship(s) of its general and limited partners." *Guar. Nat'l Title Co.*, 101 F.3d at 59; *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320-21 (7th Cir. 2002). Moreover, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson*, 312 F.3d at 320; *see also Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998) ("[B]oth general and limited partnerships are citizens of every jurisdiction of which any partner is a citizen.").

---

[1] A review of the Notice of Removal reveals that although there are two plaintiffs in this case (Tarsha Bunch and Ricky Bunch), the Defendant only alleged that "*the plaintiff* is . . . a citizen of the State of Indiana[,]" apparently advising as to the citizenship of only one unspecified plaintiff. Neither does the plaintiffs' complaint enlighten as to the citizenship of both plaintiffs, merely stating that each is an Indiana resident. (Compl. ¶¶ 1, 2.) *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit."(internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006); *see also Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (explaining that "[f]or natural persons, state citizenship is determined by one's domicile."). As a threshold jurisdictional matter, then, it appears that the Defendants have not properly alleged the citizenship of *both* plaintiffs. Perhaps this is attributable to a simple typographical error, but in its amended motion, the Defendant should clarify whether both plaintiffs are citizens of Indiana.

On that score, Defendant explains, "WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner." (Def.'s Mot. ¶ 2.) A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all the members of both WSE Management, LLC, and WSE Investment, LLC, to ensure that none of their members share a common citizenship with the Plaintiffs. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). And again, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

In that vein, Defendant explained that "[t]he sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, Inc., whose parent company is Wal-Mart Stores, Inc." (Def.'s Mot. ¶ 2.) Although Defendant's explanation traces the LLCs' members, it fails to allege the citizenship of their sole member, Wal-Mart Stores East, Inc. Of course, corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Thus, the Court must be apprised of both facts with respect to Wal-Mart Stores East, Inc., to ensure that it does not share citizenship with either of the Plaintiffs.

Accordingly, Defendant's motion to remove misjoined defendant (Docket # 18) is DENIED at this time. Defendant, however, is free to file an amended motion clarifying the

citizenship of each of the parties.

SO ORDERED.

Enter for this 4th day of June, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge