# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| TARSHA L. BUNCH and RICKY BUNCH, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:09-CV-71 |
| ) | |
| WAL-MART, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Wal-Mart's second amended motion to remove misjoined Defendant, Wal-Mart, and substitute Wal-Mart Stores East, LP, as an indispensible party, filed on June 9, 2009. (Docket # 22.)

The Defendant has adequately set forth the jurisdictional allegations for Wal-Mart Stores East, LP. Accordingly, Defendant's amended motion (Docket # 22) to join Wal-Mart Stores East, LP, as Defendant and dismiss Wal-Mart is GRANTED.

However, Defendant has not completely complied with the Court's request that it confirm the *citizenship* of both Plaintiffs. Defendant has merely indicated that both are *residents* of the state of Indiana. (Def.'s Second Am. Mot. ¶ 1.) The "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see also Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." (internal quotation marks and citation omitted)).

Therefore, Defendant is ordered to file a certification indicating the Plaintiffs' states of citizenship as follows:

"Plaintiff Tarsha L. Bunch is a citizen of the state of _____."

"Plaintiff Ricky Bunch is a citizen of the state of _____."

SO ORDERED.

Enter for this 9th day of June, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge